UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES VAN BUSKIRK, | ) | Case No. 3:12CV2275 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| WARDEN, LEBANON CORRECTIONAL | ) | **Report and Recommendation** |
| INSTITUTION, | ) | **of Magistrate Judge** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On August 21, 2012, Petitioner Charles Van Buskirk ("Petitioner"), represented by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  ECF Dkt. #1.  Petitioner seeks relief for alleged constitutional violations that occurred during his sentencing in the Marion County, Ohio Court of Common Pleas, where he was convicted of five counts of pandering obscenity involving a minor in violation of Ohio Revised Code ("ORC") §2907.321, felonies of the fourth degree, and forty-five counts of illegal use of a minor in nudity-oriented material or performance in violation of ORC §2907.323, felonies of the fifth degree.  ECF Dkt. #9 at 62-69. On November 20, 2012, Respondent Ernie Moore, Warden of Lebanon Correctional Institution, where Petitioner is incarcerated, filed an answer/return of writ. ECF Dkt. #7.  With leave of the Court, Petitioner filed a traverse on February 28, 2013. ECF Dkt. #12. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the claims in Grounds One and Two WITH PREJUDICE, and DISMISS the claim in Ground Three WITHOUT PREJUDICE:

## I.    PROCEDURAL HISTORY

### A.    State Trial Court

On October 1, 2009, the Marion County, Ohio Grand Jury indicted Petitioner for thirty-three counts of pandering obscenity involving a minor in violation of ORC § 2907.231(A)(1), nine counts of pandering sexually oriented matter involving a minor in violation of ORC § 2907.322(A)(1), and seven counts of illegal use of a minor in nudity-oriented material or performance in violation of

ORC §2907.323(A)(3). ECF Dkt. #9 at 1-14. On December 23, 2009, a supplemental indictment was issued, which added three counts of pandering obscenity involved a minor in violation of ORC §2907.231(A)(1), and ten counts of illegal use of minor in a nudity-oriented material or performance in violation of ORC §2907.233(A)(3). *Id.* at 15-20.

On March 17, 2010, the State filed a bill of information charging Petitioner with five counts of pandering obscenity involving a minor in violation of ORC §2907.321, and forty-five counts of illegal use of a minor in nudity-oriented material or performance in violation of ORC §2907.323. *Id.* at 22-32. On March 18, 2010, Petitioner entered a guilty plea to all counts of the information. *Id.* at 35-36.

On June 22, 2010, the trial court sentenced Petitioner to seventeen months in prison for each of the five counts of pandering obscenity involving a minor, that is, Counts 1-5, and varied sentences for the remaining forty-five counts of illegal use of a minor in a nudity-oriented material or performance, that is, 12 months in prison for each of Counts 6-7, 11 months in prison for each of Counts 8-14, 12 months in prison for each of counts 15-16, 11 months in prison for each of Counts 17-23, 12 months in prison for each of Counts 24-25, 11 months in prison for each of Counts 26-32, 12 months in prison for each of Counts 33-34, 11 months in prison for each of Counts 35-41, 12 months in prison for each of Counts 42-43, and 11 months in prison for each of Counts 44-50. The court grouped the sentences as follows:

Counts 1, 6, and 7 are consecutive to each other (17 + 12 + 12 = 41); Counts 8 through 14 are each 11 months and concurrent; as well as concurrent with Counts 1, 6, and 7 (aggregate of 41 months).

Counts 2, 15 and 16 are consecutive to each other (17 + 12 + 12 = 41); Counts 17 through 23 are each 11 months and concurrent, as well as concurrent with Counts 2, 15 and 15 (aggregate of 41 months).

Counts 3, 24 and 25 are consecutive to each other (17 + 12 + 12 = 41); Counts 26 through 32 are each 11 months and concurrent, as well as concurrent with Counts 3, 24, and 25 (aggregate of 41 months).

Counts 4, 33 and 34 are consecutive to each other (17 + 12 + 12 = 41); Counts 35 through 41 are each 11 months and concurrent, as well as concurrent with Counts 4, 33 and 34 (aggregate of 41 months).

Counts 5, 42 and 43 are consecutive to each other (17 + 12 + 12 = 41); Counts 44 through 50 are each 11 months and concurrent, as well as concurrent with Counts 5, 42 and 43 (aggregate of 41 months).

The first group (Counts 1, 6, and 7), the second group (Counts 2, 15 and 16), the third group (Counts 3, 24 and 25), the fourth group (Counts 4, 33 and 34), and the fifth group (Counts 5, 42, 43) are all consecutive to each other, for an aggregate sentence of 205 months.

*Id.* at 62-68.

### B.    Direct Appeal

On July 3, 2010, Petitioner, through new counsel[1], filed a notice of appeal to the Ohio Court of Appeals for the Third District.  *Id.* at 6.  Petitioner raised the following assignments of error in his appellate brief:

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING ANY FINDINGS REQUIRED BY R.C. 2929.14(E)(4)[2].

---

[1]Petitioner contends that appellate counsel was related to trial counsel. Petitioner writes, "Petitioner's counsel on appeal to the Third District Court of Appeals was Kevin P. Collins, Esq., a colleague of Petitioner's trial counsel, was [sic] recently in private practice with Petitioner's trial counsel."  ECF Dkt. #1 at 4.  Petitioner's allegations fall short of establishing a relationship between Petitioner's trial and appellate counsel at the time of their representation of Petitioner.

[2]ORC 2929.14 is captioned "Prison terms."  Prior to 2006, Subsection (E)(4) created a presumption that an offender be given minimum, concurrent terms of incarceration.  This presumption could be overcome if the court made specific factual findings regarding the nature of the offense and the need to protect the public. This type of judicial fact-finding was later called into question by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), where the United States Supreme Court held that judicial fact-finding could infringe upon a defendant's Sixth Amendment right to a jury trial because it invaded the fact-finding function of the jury.

In 2006, the Ohio Supreme Court recognized that Ohio's sentencing statutes required a judge to make factual findings in order to increase a sentence beyond presumptive minimum or concurrent terms, which, under *Apprendi* and *Blakely*, unconstitutionally infringed on the jury's function in violation of the Sixth Amendment. *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006–Ohio–856. As a result, the Court severed those sections and held that courts have full discretion to sentence within the applicable statutory range and to order sentences to be served consecutively. *Id.* at ¶ 99-100, 845 N.E.2d 470.

In 2009, the reasoning in *Foster* was called into question by *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711 (2009), where the United States Supreme Court held that a state could require judicial findings of fact to impose consecutive rather than concurrent sentences without infringing on a defendant's Sixth Amendment rights. In 2010, the Ohio Supreme Court determined that *Foster* remained valid after *Ice* and the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences. *See State v. Hodge*, 128 Ohio St.3d 1, 941 N.E.2d 768, 2010-Ohio-6320.

2. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY IMPOSING MORE THAN MINIMUM PRISON SENTENCE WITHOUT ADEQUATE JUSTIFICATION.

3. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY IMPOSING CONSECUTIVE SENTENCES WITHOUT ADEQUATE JUSTIFICATION.

*Id.* at 59. On January 31, 2011, the Court of Appeals issued a decision and journal entry overruling each assignment of error and affirming the judgment of the trial court. *Id.* at 159-168. Petitioner filed an application for reconsideration, which was denied on March 18, 2011. ECF Dkt. #9-1 at 5.

C.      **Supreme Court of Ohio**

On May 2, 2011, Petitioner, through his previous trial counsel, filed a timely notice of appeal to the Ohio Supreme Court where he presented the following propositions of law:

1. WHEN MORE THAN A MINIMUM SENTENCE FOR A FIRST-TIME OFFENDER IS GIVEN, SUPPORT FOR THE SENTENCE MUST APPEAR IN THE RECORD, AND A BOILERPLATE RECITATION THAT THE TRIAL COURT CONSIDERED CODE SECTIONS R.C. § 2929.11 AND § 2929.12[3] DOES NOT SUFFICE.

---

[3]ORC 2929.11 reads, in pertinent part:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

ORC 2929.12 sets forth the seriousness and recidivism criteria that a trial court must in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

Ohio trial courts are required to consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. See *Foster*, supra, at ¶36-42, 845 N.E.2d 470.

> 2. THE ABILITY TO APPLY CONSECUTIVE SENTENCES TO CASES INVOLVING IMAGES OF CHILD PORNOGRAPHY WITHOUT CONSIDERATION OF THE AMOUNT, TYPE OR CONDUCT INVOLVED PERMITS IMPOSITION OF A LIFE SENTENCE ON THE DEFENDANT CONTRARY TO OHIO'S SENTENCING SCHEME.

*Id.* at 10. On August 24, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Id.* at 47.

## II. 28 U.S.C. § 2254 PETITION

On August 21, 2012, Petitioner, represented by new counsel, filed the instant petition for a writ of habeas corpus. ECF Dkt. #1. Petitioner raises the following grounds for relief:

> GROUND ONE: THE SENTENCING ORDER OF THE OHIO COURT WAS CONTRARY TO THE LAW UNDER THE RULE OF LENITY.
>
> GROUND TWO: THE SENTENCING ORDER IN THE OHIO COURT WAS CONTRARY TO THE UNITED STATES CONSTITUTION AND CUNNINGHAM V. CALIFORNIA, (2007) 549 U.S. 270.
>
> GROUND THREE: PETITIONER VAN BUSKIRK WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITE D STATES CONSTITUTION.

ECF Dkt. #1.

## III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final.  28 U.S.C. §2244(d)(1).  The AEDPA statute of limitations is not at issue in this case.

### B.    Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

-6-

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1)     whether the petitioner failed to comply with an applicable state procedural rule;

(2)     whether the state courts actually enforced the state procedural sanction;

(3)     whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)     if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve  to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

-8-

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (*i.e.*, exhausted) or because they were not properly presented to the state courts (*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

IV.     STANDARD OF REVIEW

The undersigned further recommends that the Court find that the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28  U.S.C. § 2254 on August 21, 2012, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

-9-

(1)     resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.     Decisions of lower federal courts may not be considered.

B.     Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.     The state court decision may be overturned only if:

1.     It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2.     the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

-10-

       3.      'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

       4.      the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

     D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

     E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

     (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672,

-11-

676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has observed:

> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 786-787 (2011).

## V.     ANALYSIS

### A.     Ground One

GROUND ONE: THE SENTENCING ORDER OF THE OHIO COURT WAS CONTRARY TO THE LAW UNDER THE RULE OF LENITY.

With respect to Ground One, Respondent contends that the claim is not cognizable in federal habeas corpus.   A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988).

However, before determining the nature of Petitioner's claim in Ground One, the Court must first determine if the claim is procedurally barred.  To satisfy the exhaustion requirement, a claim must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. See *McMeans,* supra, at 681; see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.2006)(citing *McMeans*). A claim must also be presented to the state courts as a federal constitutional issue. See *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir.1984).  The burden is on the prisoner to prove exhaustion.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

Procedural default occurs when the petitioner fails to fairly present his federal constitutional claim to the state courts in the manner required by state law. *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Ernie v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The failure to present a claim constitutes a waiver of the argument, unless the petitioner can present cause for the default and actual prejudice from the constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

"Fairly presenting" a claim requires more than just mentioning it in passing. Rather, a petitioner must present both the factual and legal basis for his claims to the state court. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir.2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir.2003)(even if there were "variations in the legal theory or factual allegations urged in [the claim's] support," the petitioner must have presented state courts with a claim similar enough "that the ultimate question would have been the same." *Jells v. Mitchell*, 538 F.3d 478, 504 (6th Cir.2008). Neither a "somewhat similar state-law claim," *Anderson v. Harless*, 459 U.S. 4, 6, (1982), nor a general allegation of a fair trial or due-process violation is enough. *McMeans*, supra, at 681.

Here, Petitioner has re-fashioned his challenge to his consecutive and more than minimum sentences at each stage of both state and federal court review.[4] Petitioner did not address the rule of lenity or allege a constitutional violation in predicated upon the rule of lenity in his direct appeal. Accordingly, as he has not fairly presented his constitutional challenge to the state courts, Ground One is procedurally barred.

Even assuming arguendo that Petitioner's arguments on direct appeal raised the same issue as he raises in Ground One, the merits of his claim in Ground One must fail. As Respondent

---

[4]In his direct appeal to the Third District, Petitioner asserted three challenges to sentence. Petitioner argued that the trial court erred in imposing consecutive sentences because no judicial findings were made pursuant to ORC 2929.14(e)(4). Petitioner further asserted that the trial court imposed both consecutive sentences and more than minimum sentences without adequate justification. In his direct appeal to the Ohio Supreme Court, Petitioner argued that the trial court erred because the sentence was contrary to Ohio's sentencing scheme and did not reflect consideration of ORC 2929.11 and 2929.12. Here, Petitioner challenges his sentence as contrary to law under the rule of lenity.

-13-

correctly argues, it is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475(1991). A federal court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition ." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir.2005) (internal quotation omitted). Claims of state law error are not cognizable in federal habeas corpus "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 388, 897 (6th Cir.2008). However, it has long been recognized that "a 'mere error of state law' is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n. 21, 102 S.Ct. 1558 (1982) (citing *Gryger v. Burke*, 334 U.S. 728, 731, 68 S.Ct. 1256 (1948)).

Alleged errors involving a state court's interpretation of its own law or procedure are not cognizable on federal habeas corpus review. *Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir.2000); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). Furthermore, the Sixth Circuit has held that whether sentences should run concurrently or consecutively "is a matter of substantive state law" and thus not cognizable in a federal habeas corpus proceeding. *Harrison v. Parke*, 917 F.2d 1304, 1990 WL 170428, *2 (6th Cir.1990) (citing *Wainwright v. Sykes*, 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). Because Ground One involves the application of a state statute regarding whether sentences should run concurrently or consecutively, the claim is not cognizable on federal habeas review. See *Smith v. Ohio*, No. 1:02 CV 690, 331 F.Supp.2d 605, 622 (N.D.Ohio Aug.26, 2004).

Moreover, Petitioner's effort to re-characterize his state claim in terms of a federal constitutional violation is unpersuasive. District courts in this circuit that have considered a habeas corpus challenge predicated upon the rule of lenity have concluded that the rule of lenity is merely a canon of statutory construction and nothing in the federal constitution requires a state court to apply the rule of lenity when interpreting a state statute. *Chapin v. Clipper*, 2012 WL 4062500, *7 (N.D.Ohio August 3, 2012) (finding that issues regarding whether a sentence should run concurrently or consecutively, and the resultant length of the sentence, were matters of state law)*; Featherkile v.*

-14-

*Warden*, No. 1:10-CV-01023, 2010 WL 546118, at *15-16 (S.D.Ohio Feb.12, 2010);  *Bowen v. Romanowski*, No. Civ. 05-CV-72754, 2005 WL 1838329 (E.D.Mich. Aug.2, 2005).

As a consequence of Petitioner's failure to fairly present his claims to the Ohio courts, the first and second factors in the *Maupin* test have been fully satisfied.  *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir. 1985); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004). The third *Maupin* criteria also has been met as the procedural rule of waiver is an adequate and independent state ground to bar habeas claims. The state procedural rule serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. See *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

Because Petitioner failed to fairly present his habeas claims to the Ohio courts, he is now required to demonstrate both cause and prejudice. Petitioner has failed to demonstrate "cause" because he has failed to show that an objective factor external to the defense impeded his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Ineffective assistance of trial or appellate counsel may not constitute cause for procedural default where, as here, the ineffective assistance of appellate counsel claim is itself unexhausted.  See Section V.(C), *infra*. Finally, Petitioner does not assert that he is actually innocent.  In fact, Petitioner never challenged his conviction here or in his  direct appeal.

Accordingly Ground One should be dismissed.

**B.     Ground Two**

GROUND TWO: THE SENTENCING ORDER IN THE OHIO COURT WAS CONTRARY TO THE UNITED STATES CONSTITUTION AND CUNNINGHAM V. CALIFORNIA, (2007) 549 U.S.  270.

In Ground Two, Petitioner, once again, attempts to re-fashion his state law claims from his direct appeal into a constitutional claim.  In *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), the United States Supreme Court struck down California's sentencing scheme, which required judicial factfinding before a court could impose a sentence higher than a middle range sentence. As previously noted, no such factfinding is at issue post-*Foster* in Ohio. Accordingly, Ground Two must fail for the same reasons as Ground One.  First, Petitioner did not fairly present a constitutional challenge in his direct appeal. Second, even assuming arguendo that

Petitioner's claim is not procedurally barred, the claim is predicated upon a violation of state law, and, as a consequence, his claim is not cognizable on habeas review.  Finally, Petitioner has not establish cause or prejudice to excuse his default, nor has he asserted his actual innocence.

For these reasons, Ground Two should also fail.

## C.    <u>Ground Three</u>

GROUND THREE: PETITIONER VAN BUSKIRK WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITE D STATES CONSTITUTION.

Petitioner predicates his ineffective assistance of counsel claim upon his trial counsel's failure to object to the prosecuting attorney's "gross over-representation and mischaracterization of the amount of child pornography found on the computers in Petitioner's possession" and trial counsel's failure to object to the prosecuting attorney's reference to "three (3) unresolved charges of gross sexual imposition involving a minor pending against [Petitioner] in a Richland County Court of Common Pleas [sic], Case No. 09 CR-0762."  ECF Dkt. #1 at 4.  He predicates his ineffective assistance of appellate counsel claim upon his appellate counsel's failure to raise these claims on direct appeal.[5]  However, Petitioner never filed an Ohio Appellate Rule 26(B) application to reopen his appeal.

Ohio Appellate Rule 26 provides, in pertinent part:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment....

---

[5]Presenting a claim as an underlying omitted assignment of error in an application to reopen the direct appeal does not preserve the underlying claim for decision on the merits.  An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments.  *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir.2012), citing *Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir.2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*

Ohio R.App. P. 26(B)(1). The rule offers defendants "a separate collateral opportunity" to raise ineffective assistance claims subsequent to a direct appeal. *Morgan v. Eads*, 104 Ohio St.3d 142, 818 N.E.2d 1157, 1158 (2004).

In *Ohio v. Davis*, 119 Ohio St.3d 422, 894 N.E.2d 1221 (2008), the defendant filed both an appeal to the Ohio Supreme Court and a Rule 26(B) application in the court of appeals, both asserting for the first time the ineffective assistance of appellate counsel. After the Ohio Supreme Court declined to accept the discretionary appeal, the court of appeals refused to address the merits of Davis's Rule 26(B) application, concluding that consideration on the merits was barred by *res judicata* due to his unsuccessful appeal to the Supreme Court. The Ohio Supreme Court disagreed, explaining that when it "determines whether or not to accept jurisdiction in a particular case, it is not rendering a decision on the merits." *Id.* at 1225. The Supreme Court further explained that when presented with a timely Rule 26(B) application the court of appeals is required to determine whether there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. Thus, although a defendant may raise the ineffective assistance of counsel issue in both a timely direct appeal and a timely application under Rule 26(B), the Ohio Supreme Court's denial of the discretionary appeal does not exhaust the issue because the court of appeals is nevertheless obliged to address the application on the merits.  In other words, raising a claim for ineffective assistance of appellate counsel in a discretionary appeal to the Ohio Supreme Court, without addressing the claim through Ohio Appellate Rule 26(B), does not satisfy the exhaustion requirement unless the Ohio Supreme Court addresses the issue on the merits. *Goldberg v. Maloney*, 692 F3d 534 (6th Cir.2012).

Here, Petitioner does not claim to have filed a Rule 26 application; nor does he argue that he could now do so given the relevant deadline.  Moreover, Petitioner did not raise his ineffective assistance of counsel claim in his direct appeal before the Ohio Supreme Court.  A district court has discretion to stay a habeas corpus proceeding when a petitioner presents a "mixed petition," that is, one presenting both exhausted and unexhausted claims. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002). In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state

-17-

remedies, but imposed two procedural limitations upon the granting of a stay. First, the petitioner must show "good cause" for his failure to exhaust remedies on direct appeal. Second, petitioner must demonstrate that the unexhausted claims are not "plainly meritless." 544 U.S. at 277-78; accord *Hodge v. Haeberlin*, 579 F.3d 627, 638 (6th Cir.2009).

Although Petitioner may still pursue a delayed Rule 26(B) application, Petitioner does not articulate any basis[6] for his untimely filing, and such an application is therefore likely to be procedurally barred. In *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir.2005), the United States Court of Appeals for the Fifth Circuit held that claims are "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings where the petitioner is procedurally barred from raising his unexhausted claims in the state courts. The record in this case likewise provides no basis for concluding that Petitioner's untimely claims of ineffective assistance of trial counsel are potentially meritorious. Accordingly, a stay of the proceedings is not warranted.

The Ohio courts should nonetheless be given a chance to consider whatever explanation petitioner has to offer as to why his Rule 26(B) application is untimely, and to decide the merits of the claims if they so choose. If those courts deny relief, petitioner may or may not be able to seek federal court review. "If Petitioner exhausts the unexhausted claims following the conclusion of this action and wishes to return to federal court, any future federal habeas petition by Petitioner addressing the same conviction may be precluded as successive under 28 U.S.C. § 2244(a)-(b), or as untimely by the statute of limitations in 28 U.S.C. § 2244(d)(1)." See *Lee v. Warden, Noble Correctional Ins.,* 2013WL 4479200 (S.D. Ohio). Nevertheless, that is a situation created by Petitioner's choice not to exhaust all of his claims in state court before filing a habeas corpus petition here, and one which this Court can do nothing about since the stay and abeyance procedure described in *Rhines v. Weber* is not available to Petitioner. Accordingly, the undersigned recommends that the ineffective assistance of counsel claim asserted in Ground Three be dismissed without prejudice.

---

[6]Petitioner may raise his claims of ineffective assistance of appellate counsel in a delayed Rule 26(B) proceedings, if he can establish "good cause" for his delay in filing. Ohio Appellate Rule 26(B)(1).

## VII.   CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the claims asserted in Grounds One and Two WITH PREJUDICE, and DISMISS the ineffective assistance of counsel claim in Ground Three WITHOUT PREJUDICE.


DATE: November 26, 2013                          */s/ George J. Limbert*
                                                  GEORGE J. LIMBERT
                                                  UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).

-19-