UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Van Buskirk, | ) | CASE NO. 3:12 CV 2275 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden, Lebanon Correctional | ) | **Memorandum of Opinion and Order** |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Limbert, recommending denial of Petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (Doc. 13). No objections to the Report and Recommendation have been filed. For the reasons stated below, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636, the district court reviews *de novo* those portions of a report of a magistrate judge to which a specific objection is made. The judge may accept, reject, or modify any proposed finding or recommendation. When no

1

objections to a report and recommendation are made, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

**Discussion**

The pertinent background in this matter is set forth by the Magistrate Judge in his Report and Recommendation. Following the filing of a bill of information by the State of Ohio, Petitioner entered a plea of guilty to five counts of pandering obscenity involving a minor and to forty-five counts of illegal use of a minor in nudity-oriented material or performance. Petitioner was sentenced to 205 months' imprisonment. Petitioner thereafter appealed his sentence. The Court of Appeals affirmed Petitioner's sentence, and the Ohio Supreme Court declined to accept his case for review.

On August 21, 2011, Petitioner, represented by counsel, filed the present *habeas* petition, alleging three grounds for relief. In his first ground, Petitioner alleged that his sentencing was contrary to the law under the rule of lenity. In his second ground, Petitioner alleged that his sentencing was contrary to the United State's constitution and the Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270 (2007). In his third ground, Petitioner alleged that he was denied his right to effective assistance of counsel during his appeal.

In his Report and Recommendation, Magistrate Judge Limbert analyzed Petitioner's grounds. The Magistrate Judge determined that Petitioner's first ground was procedurally defaulted and also failed because it raised non-cognizable state law claims. Similarly, the Magistrate Judge concluded that Petitioner's second ground failed because Petitioner had not

raised his challenge on direct appeal and this ground was also predicated on a violation of state law. Addressing Petitioner's third ground for ineffective assistance of appellate counsel, the Magistrate Judge determined that Petitioner had failed to raise this claim on appeal to the Ohio Supreme Court or in a Rule 26(B) application to reopen his appeal. Therefore, Petitioner had failed to exhaust his remedies in state court. However, the Magistrate Judge concluded that the Ohio courts should be given a chance to consider any explanation Petitioner has to offer as to why his Rule 26(B) application is untimely. For those reasons, the Magistrate Judge recommended that the Court dismiss with prejudice the first two grounds of Petitioner's *habeas* petition and dismiss his third ground without prejudice.

The Court has reviewed the Magistrate Judge's Report and Recommendation and finds no clear error in the Magistrate Judge's findings and determinations.

**Conclusion**

Accordingly, the Report and Recommendation of Magistrate Judge Limbert is hereby accepted, and the findings and conclusions of the Magistrate Judge are incorporated herein by reference. The first two grounds of Petitioner's *habeas* petition are dismissed WITH PREJUDICE. Petitioner's third ground, premised on ineffective assistance of appellate counsel, is dismissed WITHOUT PREJUDICE. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

IT IS SO ORDERED.

                                                /s/Patricia A. Gaughan  
                                                PATRICIA A. GAUGHAN  
Date:  3/04/14                    United States District Judge